[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE SPECIAL DEFENSE AND COUNTERCLAIM #116
Practice Book Sec. 113 provides that:
 In all cases when the court does not otherwise order, the filing of any pleading provided for by the preceding section will CT Page 5482 waive the right to file any pleading which might have been filed in due order and which precedes it in the order of pleading provided in that section.
Practice Book Sec. 112 provides in part that "[t]he order of pleading shall be as follows: . . . (5) The defendant's answer (including any special defenses) to the complaint[;] (6) [t]he plaintiff's request to revise the defendant's answer[;] (7) [t]he plaintiff's motion to strike the defendant's answer[; and] (8) [t]he plaintiff's reply to any special defenses."
In the present foreclosure action, the defendants, Gerald Papoosha and Lou Ann Papoosha, mortgagors, filed their special defense and counterclaim, pursuant to General Statutes Sec. 49-31(d) through (i), on January 11, 1993.
On February 22, 1993, the plaintiff, Federal Home Loan Mortgage Corporation, the foreclosing mortgagee, filed its response to the defendants' special defense and counterclaim.
Two months later, on April 30, 1993, the plaintiff filed its present motion to strike the defendants' special defense and counterclaim. On May 24, 1993, the plaintiff's motion to strike the defendants' special defense and counterclaim was heard before the court at the property short calendar.
The plaintiff has effectively waived its right to file its present motion to strike subsequent to the filing of its reply to the defendants' special defense and counterclaim.
The court denies the plaintiff's motion to strike the defendants' special defense and counterclaim on the ground that the plaintiff has waived its right to plead the present motion, pursuant to Practice Book Secs. 112 and 113.
JOHN F. WALSH, J.